IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

JESSIE J. BARNES,

                Plaintiff,

    vs.

LESTER WRIGHT, et al.,

                Defendants.

_____

Civ. Action No.
9:04-CV-164 (NAM/DEP)

APPEARANCES:                              OF COUNSEL:

FOR PLAINTIFF:

**last known address**
JESSIE J. BARNES, pro se

FOR DEFENDANTS:

OFFICE OF NYS ATTORNEY GENERAL    SENTA SIUDA, ESQ.
615 Erie Boulevard West
Suite 102
Syracuse, New York 13204-2455

## **REPORT and RECOMMENDATION**

      This civil rights action was commenced by the plaintiff on February 13, 2004. On May 3, 2005, defendant's counsel, Senta Siuda, Esq., electronically filed with the court a letter requesting a telephone conference due to plaintiff's failure to respond to discovery demands. See Dkt. No. 66. Based upon that request, a notice was sent by the clerk

to the plaintiff on May 9, 2005 directing that he provide the court, as well as defendant's counsel, with his current telephone number by May 19, 2005 and advising that a telephone conference would be conducted on May 23, 2005 to address the outstanding discovery issue.  See Dkt. No. 67.  That notice, which was sent by the clerk's office by regular mail addressed to plaintiff's last known residence, and which was not returned to the court as undeliverable, further stated that in the event of plaintiff's failure to comply, the action could be subject to dismissal.  Despite that notice, plaintiff failed to provide the court and defendant's counsel with a telephone number at which he could be reached, and did not participate in the telephone conference held on for May 23, 2005.

On May 25, 2005, a second notice was sent to plaintiff's last known address by regular mail, directing him to appear for an in-person conference scheduled before me on June 6, 2005.  See Dkt. No. 68.  That notice also advised the plaintiff that in the event of his failure to appear for the scheduled conference, I would issue a recommendation that the action be dismissed.  Id..  Despite that notice, which was not returned to the court as undeliverable, plaintiff failed to appear for the scheduled conference.  Defendant's counsel appeared on June 6, 2005 and advised the court on the record that she has had no communications with plaintiff

2

since her discovery demands were served.  See Dkt. No. 69.  In light of the circumstances, and plaintiff's failure to comply with the court's directives, I indicated on the record during that conference that I was prepared to recommend dismissal of plaintiff's complaint.  Id..

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court.  *Link v. Wabash Railroad County Independent School District,* 370 U.S. 626 (1962).  This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases.  *See Freeman v. Lundrigan*, No. 95-CV-1190, 1996 WL 481534, *1 (N.D.N.Y., Aug. 22, 1996) (Pooler, J.) (citing *Rodriguez v. Walsh*, No. 92-Civ-3398, 1994 WL 9688, *1 (S.D.N.Y., Jan. 14, 1994) (other citations omitted)).

In light of the foregoing, and several unsuccessful efforts on the part of the court and defendants' counsel to reach the plaintiff by telephone and by mail, it is hereby

RECOMMENDED, that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, based upon plaintiff's failure to prosecute and to comply with this court's orders and local rules of practice.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; Roldan v. Racette, 984 F.2d 85 (2d Cir. 1993).

It if further ORDERED that the Clerk serve a copy of this report and recommendation on the plaintiff at his last known address by regular mail, and upon defendant's counsel electronically.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: June 9, 2005
       Syracuse, New York